## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

WILLIAM ROBERT FAGAN #316-188,

    Petitioner,

       v.

WARDEN KATHLEEN GREEN, *et al.*,

    Respondents.

\*

             CIVIL NO.: WDQ-13-3666

\*

\*

\*

\*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OPINION

The Respondents move to dismiss William Robert Fagan's Petition for a Writ of Habeas Corpus as time-barred pursuant to 28 U.S.C. § 2244(d).   (ECF No. 8).   Fagan has responded, arguing his case should be deemed equitably tolled.   He attributes the delay in filing to the fact that he has required the assistance of multiple state-appointed attorneys to defend his case at trial and through state collateral review proceedings.[1]   (ECF No. 11).   After reviewing the papers, the Court finds no need for an evidentiary hearing.   *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e)(2).   For reasons set forth herein, the Court shall dismiss the Petition with prejudice as time-barred.

---

[1] Fagan requested additional time to address the time-bar issue and further moved for appointment of counsel. (ECF 10).   There is no Sixth Amendment right to counsel to pursue a petition for habeas corpus. *See Pennsylvania v. Finely,* 481 U.S. 551, 555 (1987).   A court may provide counsel for an indigent prisoner pursuing a petition for habeas corpus if "the court determines that the interests of justice so require."   18 U.S.C. ' 3006A(2)(B).   Rule 6(a) of the Rules Governing Section 2254 Cases provides that a court may appoint counsel if it is "necessary for effective utilization of discovery procedures."   Rule 8(c) mandates that counsel be appointed "[i]f an evidentiary hearing is required."   Upon review of the pleadings, Fagan has adequately articulated his claims, the time-bar issue is not unduly complex, and an evidentiary hearing is not warranted.   Appointment of counsel is denied.   Fagan subsequently filed his reply brief explaining why his Petition should not be dismissed as time-barred, rendering his request for an extension of time moot.   The extension nonetheless will be granted nunc pro tunc.

**Procedural History**

On January 22, 1997, Fagan plead guilty in the Circuit Court for Frederick County to conspiracy to commit first-degree murder and was sentenced to life imprisonment with all but ten years suspended, and five years of probation upon release. (ECF No. 8-1, ECF No. 8-2, ECF No. 8-3). Fagan did not file an application for leave to appeal the entry of his guilty plea and sentence; thus, his judgment of conviction became final on February 21, 1997, when the time for filing for leave to appeal expired. See Md. Code. Ann., Cts & Jud. Proc. Art., §12-302 (e) (1997) (appeal of guilty plea is by way of application for leave to appeal); Md. Rule 8-204(b) (application for leave to appeal must be filed within 30 days after entry of judgment or order from which appeal is sought).

Fagan was released from prison on April 20, 2000, and began serving his five-year probationary period. ECF No. 8 at 4. On July 21, 2003, he was convicted in Montgomery County, Maryland of driving while impaired. *Id.* The conviction constituted a violation of his probation. ECF No. 8-2 at 1; ECF No. 8-3 at 1-2; *see also* ECF No. 1 at 7. On September 12, 2003, the trial court revoked Fagan's probation and sentenced him to life imprisonment. ECF No. 8 at 4. The Court of Special Appeals of Maryland denied Fagan's application for leave to appeal this ruling. ECF No. 8-3 at 2.

On June 14, 2004, Fagan filed a petition for post-conviction relief in the Circuit Court for Frederick County, challenging his probation revocation. ECF Nos. 8-1; 8-3. The Circuit Court granted Fagan the right to a new probation revocation hearing, which was held on April 29, 2005. ECF Nos. 8-1; 8-3; *see also* ECF Nos. 1 at 7; 8-2 at 2. The trial court revoked probation and sentenced Fagan to life imprisonment. ECF Nos. 8-2 at 2; 8-3 at 3. Fagan filed an application for leave to appeal this ruling. ECF No. 8 at 4. In an unreported opinion filed on

April 16, 2007, the Court of Special Appeals affirmed the trial court's judgment.  ECF No. 8-2.
Fagan's petition for a writ of certiorari was denied by the Court of Appeals of Maryland on
August 24, 2007.  *See Fagan v. State,* 400 Md. 648 (2007).

On January 23, 2012, Fagan filed his first petition for post-conviction relief in Frederick
County Circuit Court attacking his underlying guilty plea.  ECF No. 8 at 4-5.  The petition also
alleged that his probation revocation counsel was ineffective for failing to seek modification of
sentence or review before a three-judge panel.  *See* ECF Nos. 8-1; 8-3.  On August 14, 2012, the
Circuit Court permitted Fagan an opportunity to file a belated motion for modification of
sentence and a request for review by a three-judge panel, but otherwise denied post-conviction
relief.  ECF No. 8 at 5.  On July 31, 2013, the Court of Special Appeals denied Fagan's
application for leave to appeal this decision.  *Id.*  The mandate issued on August 30, 2013.  ECF
No. 8-4.

Fagan seeks federal habeas corpus relief by asserting that his guilty plea was not knowing
and voluntary.  ECF No. 1 at 4-6.  His Petition was sent to the Court on November 25, 2013, and
is deemed filed on that date.  ECF No. 1-1; *see Houston v. Lack*, 487 U.S. 266 (1988); *Lewis v.
Richmond City Police Department*, 947 F.2d 733, 734-35 (4th Cir. 1991); *United States v.
Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998).

**Analysis**

Within one year of completing his state post-conviction challenge to his guilty plea,
Fagan filed the instant federal action.  *See* ECF No. 8 at 5.  That diligence, however, does not
defeat Respondents' argument concerning the one-year limitations period.  The one-year period
which applies to habeas petitions begins to run on the date on which the judgment became final

3

by the conclusion of direct review or, if no appeal is taken, upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1) (A).

Here, the limitations period began to run on February 21,1997, and expired one year later, on February 23, 1998. *See* ECF No. 8 at 5. Clearly, Fagan failed to seek federal habeas corpus relief in a timely manner. He presents no grounds to support an argument that the limitations period should be statutorily tolled in his favor. *See* ECF No. 11.

Fagan claims that he is entitled to equitable tolling of the one-year limitations period because he is unfamiliar with the law and has not been able to proceed throughout the state system with the same counsel. ECF No. 11 at 1-2. In order to be entitled to equitable tolling, Fagan must establish that either some wrongful conduct by Respondents contributed to the delay in filing and completing state post-conviction review, or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339  F. 3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

Nothing in the record suggests that misconduct or some extraordinary circumstance prevented Fagan from timely completing post-conviction relief with regard to the validity of his guilty plea. Indeed, it appears that Fagan did not contest his plea or the probation afforded under its terms until his probation was revoked and the full sentence imposed. *See* ECF Nos. 8-1; 8-3. To the extent that delay in completing post-conviction review might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004).

4

Fagan has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and his claims for habeas corpus relief are time-barred. For the reasons stated herein, the Court will deny and dismiss the Petition. A certificate of appealability will not issue because Fagan has not made a "substantial showing of the denial of a constitutional right."[2]

9/29/14
Date

William D. Quarles, Jr.
United States District Judge

---

[2] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Ruose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Denial of a certificate of appealability in the district court does not preclude Fagan from requesting a certificate of appealability from the appellate court.